## MONNESS et al. v. LIVINGSTON.

### (Supreme Court, Appellate Term.   June 22, 1903.)

1. REPLEVIN—DESCRIPTION OF ARTICLES IN JUDGMENT.
    In replevin for "220 boys' coats" it appeared on the trial that the ar-
    ticles were pieces of cloth cut in the shape of coats, but not yet made
    up.   *Held*, that the judgment for possession of "the property mentioned
    in the affidavit and complaint" was so substantially correct as to require
    the marshal to take the cut goods tendered to him.

Appeal from Municipal Court, Borough of Manhattan, Second
District.

Action by Hyman Monness and another against Johnstone Living-
ston.   From an order amending the judgment for plaintiffs, they
appeal.   Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Armin Kohn, for appellants.
Carter & Ledyard, for respondent.

MacLEAN, J. In an action of replevin the plaintiffs described the goods to be taken as "220 boys' coats," adding certain lot numbers and characteristics. It came out upon the trial that the defendant, a common carrier, had received three parcels, contents undisclosed, addressed for delivery to the plaintiffs, C. O. D., with charges for $46.20, which parcels, when opened, were seen to contain goods cut up into the shape of, and to be manufactured into, coats, but which, according to the consignees there (the plaintiffs here), had not been made up at all, but merely cut into the shape of coats, and would be called, in common parlance, "cut goods." These cut goods or coats had been sent by the plaintiffs to working tailors to be made up, and for some reason were, when still unmade up, returned to the plaintiffs, and subject to the unearned charges. After trial the learned justice found "judgment in favor of the plaintiffs for the possession of the property mentioned in the affidavit and complaint herein, if a delivery can be had, and, if such delivery cannot be had, then for the sum of $330, as the assessed value of the said property." The marshal for some reason—it is claimed at the instance and acting under the instructions of the plaintiffs' attorney—declined to take the three boxes tendered him by the National Express Company, and which were the identical boxes, with contents undisturbed, for the sole alleged reason that their contents did not consist of "coats" made up, but were only parts of goods; and the marshal thereupon demanded the money value, and levied upon the property of the company. Thereupon the defendant, through his attorneys, moved for the amendment of the judgment by inserting therein in place of "the property mentioned in the affidavit and complaint herein," the words, "the chattels replevied in this action being three boxes addressed to H. Monness and Son, 112–114 Bleecker street, New York City, containing parts, to wit, the sleeves, bodies, and linings of coats," which motion was granted after a hearing. This amended judgment the plaintiffs claim is a nullity, because the justice rendering it had no jurisdiction to amend it after five days from the date of the entry thereof, under section 254 of the municipal court act (Laws 1902, p. 1563, c. 580). But, if the justice had no jurisdiction to amend the judgment, the amendment may be considered as surplusage, leaving the judgment stand as originally entered, and which was so substantially correct that there was no excuse, except a quibble, for the marshal's not taking what was tendered him. With this ruling the order appealed from may be reversed, without costs, leaving the judgment as originally entered as sufficient warrant for the process issued to the marshal to take the goods already tendered.

Order appealed from reversed, without costs. All concur.